IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEBORAH M.,[1]

          Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

          Defendant.

Case No. 1:20-cv-00279-MK

**OPINION AND ORDER**

**KASUBHAI, Magistrate Judge.**

      Deborah M. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is reversed.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. Id. Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" Bray, 554 F.3d at 1222 (quoting Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I.   PLAINTIFF'S APPLICATIONS

Plaintiff protectively filed her application for DIB on August 29, 2016, alleging disability due to symptoms of chronic fatigue syndrome (CFS) and skin problems. (Tr. 59.) The Commissioner denied Plaintiff's application initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ) and appeared and testified before ALJ Barry Robinson on August 22, 2018. After the hearing, ALJ Robinson issued a written decision denying Plaintiff's application for benefits, dated February 5, 2019. (Tr. 56-67.) The Appeals Council

PAGE 2 – OPINION AND ORDER

denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision.

## II.    THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. Id. at 724-25. The claimant bears the burden of proof for the first four steps. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. Id.; Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." Tackett, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. Bustamante, 262 F.3d at 954 (citations omitted).

## III.    THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 58.) At step one, the ALJ determined that Plaintiff had not engaged in substantial

PAGE 3 – OPINION AND ORDER

gainful activity since her alleged onset date of April 29, 2016. (Tr. 58.) At step two, the ALJ determined that Plaintiff suffered from the severe impairments of nonspecific allergic reaction and chemical sensitivities. (Tr. 59.)

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a listed impairment. (Tr. 59-62.) The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the limitation that she must avoid concentrated exposure to cleaning and cosmetology chemicals. (Tr. 63.)

At step four, the ALJ concluded that Plaintiff was able to perform her past relevant work as a salon products sales representative. (Tr. 66.) The ALJ therefore declined to proceed to step five, and concluded that Plaintiff was not disabled. (Tr. 66.)

Plaintiff argues that the ALJ erred by (1) improperly evaluating the medical evidence; (2) improperly rejecting Plaintiff's subjective symptom testimony; and (3) failing to include all of her severe impairments at step two.

## DISCUSSION

I.  **MEDICAL EVIDENCE**

Plaintiff first argues that the ALJ failed to properly weigh the medical opinion of treating physician Joel Klein, M.D. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" Id. (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by

substantial evidence.'" Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Id. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Id. at 1012-13 (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Treating physician Dr. Klein opined that Plaintiff would need to rest for up to three hours per day and would miss more than four days of work per month. (Tr. 65, 694-97.) As an initial matter, Dr. Klein's opinion was contradicted by other medical opinions in the record, including the opinions of consultative physicians Dr. Johnson and Dr. Kehlri, who reviewed the record and concluded that Plaintiff had no impairments causing any functional limitations. (Tr. 119-20, 134-35.). The ALJ also credited the opinion of examining physician Michael Henderson, D.O., who performed a comprehensive physical examination and concluded that Plaintiff had no functional limitations. (Tr. 503-05.) The ALJ was therefore required to provide specific, legitimate reasons for rejecting Dr. Klein's controverted opinion. Ghanim, 763 F.3d at 1161.

The ALJ rejected Dr. Klein's conclusions regarding Plaintiff's limitations, observing that Dr. Klein's opinion "does not correspond with any objective medical testing or objectively

observed medical findings in the medical records, but is only consistent with and a recitation of [Plaintiff's] subjective complaints." (Tr. 65.) The ALJ need not accept a physician's opinion that is brief, conclusory, and inadequately supported by clinical findings. Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012). Here, Dr. Klein based his opinion regarding Plaintiff's "debilitating fatigue" on Plaintiff's self-reports without reference to objective signs or medical evidence. (Tr. 695.) The Ninth Circuit has observed, however, that "the presence of fatigue is necessarily self-reported." Reddick v. Chater, 157 F.3d 715, 725-726 (9th Cir. 1998). Given Dr. Klein's treating relationship with Plaintiff, his professional assessment of Plaintiff's fatigue is properly based upon her subjective reports and is generally entitled to greater weight than the opinions of examining of consultative physicians. Ghanim, 763 F.3d at 1161. On this record, the absence of clinical findings other than Dr. Klein's extensive record of Plaintiff's self-reports does not constitute a specific, legitimate reason to reject Dr. Klein's opinion. The ALJ's rejection of Dr. Klein's opinion was error.

## II.   SUBJECTIVE SYMPTOM TESTIMONY

Plaintiff next argues that the ALJ improperly rejected her subjective symptom testimony. The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. Garrison v. Colvin, 759 F.3d 995, 1017 (9th Cir. 2014). At the administrative hearing, Plaintiff testified that she was completely unable to work due to disabling fatigue and skin problems due to chemical sensitivity.

The ALJ rejected Plaintiff's testimony regarding the extent of her impairments, noting that Plaintiff's testimony was contradicted by the medical evidence of record. An ALJ may discount a claimant's statements if medical opinion evidence contradicts the claimant's subjective testimony. Carmickle v. Comm'r, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, while Plaintiff complained of

severe and debilitating symptoms, examining physician Dr. Henderson and consultative physicians Dr. Johnson and Dr. Kehrli found no evidence of physical problems that could lead to functional limitations. (Tr. 119-20, 134-35, 503-05.) As this Court recently noted, however, a record of normal physical findings are inadequate reasons to discount a claimant's testimony of limitations due to fatigue, as they are not inconsistent with a diagnosis of CFS. Daniel D. v. Comm'r, 3:18-cv-00654-HZ (Sept. 18, 2019). On this record, the ALJ failed to provide a clear and convincing reason to reject Plaintiff's testimony regarding her disabling limitations. Carmickle, 533 F.3d at 1161.

### III.    STEP TWO FINDINGS

Plaintiff argues, finally, that the ALJ erred at step two by failing to include her chronic fatigue syndrome in the list of severe impairments. At step two, the claimant has the burden to show that he has a medically severe impairment or combination of impairments. Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999). To count as severe, an impairment must "significantly limit[ a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. 404.1520(c). An impairment is not severe "when [the] medical evidence establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." SSF 85-28, available at 1985 WL 56856, at *3.

At step two of the sequential evaluation, the ALJ found that Plaintiff suffered from the severe impairments of nonspecific allergic reaction and chemical sensitivities. "As for Chronic Fatigue Syndrome," the ALJ wrote, "the medical records do not document a history of symptoms consistent with those required to establish a medically determinable impairment for this condition." (Tr. 60.) The ALJ's determination was supported by the findings, discussed above, of examining and consultative physicians Drs. Henderson, Johnson, and Kehrli. While the medical

evidence credited by the ALJ did not establish significant limitations due to CFS, however, the ALJ improperly failed to credit the medical opinion of treating physician Dr. Klein, as well as Plaintiff's subjective symptom testimony regarding her symptoms of chronic fatigue. When the erroneously rejected evidence is credited as true, it is clear that Plaintiff met her step two burden to establish a medically severe impairment or combination of impairments beyond nonspecific allergic reaction and chemical sensitivities. Because the ALJ's omission of Plaintiff's CFS at step two caused further error in his assessment of Plaintiff's RFC, the ALJ erred.

## REMAND

Because further administrative proceedings would serve no useful purpose, remand is appropriate. Garrison v. Colvin, 759 F.3d 995, 1022 (9th Cir. 2014).  Here, the ALJ erred by failing to include Plaintiff's CFS in the list of severe impairments at step two. The ALJ also erred by rejecting Plaintiff's testimony and the medical opinion of Dr. Klein, which together establish extreme limitations associated with Plaintiff's CFS. Specifically, Dr. Klein found that Plaintiff would need to rest for up to three hours per day and would miss more than four days of work per month. (Tr. 65, 694-97.) Because these limitations preclude the possibility of sustaining full-time employment, no outstanding issues remain before a finding of disability can be made when the erroneously rejected evidence is credited as true.  This case is therefore remanded for the immediate payment of benefits.

## CONCLUSION

For the reasons stated, the Commissioner's decision is supported by substantial evidence and is REVERSED and REMANDED for the immediate payment of benefits.

DATED this 30th day of July 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
